Tunis A. VANDERPLUIJM, Appellant, v. E. H. MORRIS et al., Appellees.

**TAXATION:** Deduction of Debts—Burden of Proof. A property owner must establish the validity and good faith of an indebtedness owed by him before he can ask that it be deducted from the amount of his moneys and credits.

Headnote 1: 37 Cyc. p. 1119.

*Appeal from Union District Court.*—HOMER A. FULLER, Judge.

·OCTOBER 20, 1925.

APPEAL from the action of the board of review of Platte Township, Union County, Iowa, relative to the assessment of appellant's property. From the action of the district court thereon, modifying and affirming the action of the board of review, this appeal is taken.—*Affirmed.*

*Higbee & McEniry,* for appellant.

*E. L. Carroll* and *L. J. Camp,* for appellees.

ALBERT, J.—The question determined below grew out of the following facts: A certain assessment was placed against the property of appellant herein by the local board of review, and appellant claims that there were two items of indebtedness on his part which he was entitled to offset against his assets. The district court allowed him to offset one of the items, $5,000 in amount, but refused to allow an offset for the other item. It is to this second item that we will give attention.

It appears that the appellant was a Hollander by nativity, who came to this country in the early eighties. Later, he visited the old country, and claims that he borrowed from his sister 10,000 guilders, amounting in our currency at that time to approximately $4,000; that he has never repaid the same to her; and that he owes her the principal with 6 per cent compound interest from that time to the time in question herein, amounting, according to his claim, to the sum of $24,640: and he claims that he should also be allowed to offset this item against his assets, in determining the taxable value of his property.

Section 6988 of the Code of 1924 provides:

"In making up the amount of money or credits which any person is required to list, or to have listed or assessed * * * he will be entitled to deduct from the actual value thereof the gross amount of all debts in good faith owing by him."

This law was in operation at the time this controversy arose, as Section 1311 of the Supplement to the Code, 1913.

Section 6989 of the Code of 1924 provides:

"No acknowledgment of indebtedness not founded on actual consideration, and no such acknowledgment made for the purpose of being so deducted, shall be considered a debt within the intent of the preceding section."

The fact that appellant received 10,000 guilders from his sister about the time he claims seems indisputable, but the circumstances under which he received the same must be determined from his testimony alone. He says that he received the money, brought it to this country, and invested it in land; that he has never paid any interest on the same; and that, when he attempted to repay it, the world war was in progress, and his relatives in Holland wanted him to continue to keep the money. Some correspondence was introduced in evidence by the appel-

lant between the appellant and his sister. The sister died in 1919, and her estate in Holland has been settled, except the money in controversy herein, if it belongs to said estate.

It would be of no aid to the litigants or to the legal profession to set out the evidence in this matter. While, under Section 7134 of the Code of 1924, this case is triable in equity, suffice it to say that we have carefully gone over the evidence, and, after reading and rereading the same, are disposed to conclude that the ruling of the district court was correct.

Practically all of the testimony that is of aid to the appellant in his contention herein comes from his own lips. It is true that his wife accompanied him on the trip to Holland when he received the money, but her testimony goes no further than the lone fact that he did receive it. She does not pretend to say what the conversation was at the time the money was delivered to her husband, because they talked in Dutch, and she, being uneducated in that language, was unable to determine what was said between appellant and his sister.

Some claim is made for a letter written by Hendrike Van Dinteren, a sister of the appellant's, and also for another letter from his sister Cornelia, from whom the money was received. In this letter to the appellant is this expression:

"We are administrator, as I wrote you before, and have everything settled except the ten thousand guilders."

The appellant testifies that, when Cornelia died, she left a will, the contents of which are unknown to him. In the light of this fact, the above quoted expression from the letter of Hendrike becomes worthless, as evidence in the case.

There is no evidence of any kind showing that the sister Cornelia, or the administrator of her estate, ever made any demand or claim of any kind or nature against the appellant for this fund. He makes this claim, and therefore the burden of proof is on him to establish it as a valid subsisting indebtedness.

All there is in the whole matter, in final analysis, is the question of the credibility of the appellant herein as a witness. There are several things in the evidence that, to our minds, are not consistent with good faith and open dealing. The district court was of the opinion that the story told by the appellant in

relation to this matter was incredible, and we are disposed to agree with the district court in that conclusion.—*Affirmed.*

FAVILLE, C. J., and EVANS and MORLING, JJ., concur.